Good morning, Your Honor. May it please the Court. I'm Alexis Calvary from the firm of Simpson Thatcher & Bartlett. I'm here today on behalf of the appellant, Ferdinand Reynolds. I respectfully request that two minutes of my time be reserved for rebuttal argument. You'll have to keep track of your time, and we'll try not to eat too much of it, so go ahead, Mr. McLaughlin. I've come here today to request that a new trial be granted for my client and that the verdict below be vacated. There are three points that I'd like to discuss. First, the stipulation below, upon which Judge Burrell relied in holding that the trial would proceed as a bench trial, was executed without my client's authorization and therefore resulted in a Seventh Amendment violation. Secondly, the stipulation did not comport with the Federal – excuse me, the local rules of the Eastern District of California and therefore resulted in a Seventh Amendment violation. These errors – the third point being that these errors were not harmless and resulted in substantial prejudice to my client. Unless there are questions related to the facts, I'd like to just move on to the oral argument on the law regarding the unauthorized waiver. California law governs the relationship between counsel and client in this matter. That's under the local rule of Eastern District Court of California 83-180E. Under California law, it's clear that counsel – trial counsel did not have the authority to waive the jury trial right without the express consent of Mr. Reynolds, which he did not have. Under – there's no California law directly on point. What – now, I guess we're going to go back into the facts. What factual evidence do we have as to whether or not there was express consent? The only evidence in the record are two submissions by Mr. Reynolds, both of which were verified, the first being his motion for new trial, which was submitted three days after the verdict, in which he informed the court, Judge Burrell, that he knew of no stipulation. He was not aware of any stipulation. And that the only agreement he had with counsel was to allow a trial before a magistrate judge and not a district court judge. He'd never seen the stipulation and did not authorize its execution to go forward before Judge Burrell or any other district court judge. So he's willing to concede that he stipulated to waive jury trial? Before a magistrate, yes, Your Honor. No, but that means to waive jury trial. Well, Your Honor – The only issue then is to whether or not he consented to have it before a magistrate instead of in front of a district judge. Well, Your Honor, the California – I think the answer to that is under California law, under Blanton v. Womancare, as well as Linsk v. Linsk, the right for jury trial is protected such that you can specifically choose what – who the decision-maker will be. And when I say that, I don't mean a specific judge, but I mean a category. And under Linsk, the court found that it was inappropriate to – for the counsel to waive without the authority of the client. Let me step back and just explain the facts of that case. In Linsk v. Linsk, the court proceeded – there was a waiver of jury trial and it proceeded as a bench trial before a particular judge. After the close of evidence, that judge became disabled and was unable to render a verdict. Trial counsel, without the authority of his client, stipulated that another district court judge would be allowed to proceed. That was vacated. That verdict was vacated as a violation of the Seventh Amendment right because he had not given his express authority to choose that court. Okay. Now, what do we know about – from the behavior of your client? That is to say, he knew he was in front of Judge Burrell during the proceedings. Yes, he did, Your Honor. My client, as the record is clear, attempted to speak directly to the court. He was – he was prohibited from doing that. Judge Burrell said he was concerned about dual representation, that he didn't – he only wanted to hear from my client through his counsel. And do we – and how much do we know about what he would have said had he been permitted to speak? What we know is from what he wrote in both his new trial motion and his appeal before this Court, which was filed pro se prior to my appointment as pro bono counsel. And in both of those filings, which are, as I said, verified, he said that he was trying at that time to raise to Judge Burrell the concern that he had not stipulated to a bench trial. Now, we do not know what would have been said at that time because we don't have a record. The court refused to allow Mr. Reynolds to discuss this issue with him and instructed him to speak with counsel and come back the next day. Now, it's clear from the record that there were communication problems between counsel and Mr. Reynolds, in part, I'm sure, because of Mr. Reynolds' mental disabilities. However, it's clear that he did not – at least from the record that we've seen here and under the verified record, that he would have made that issue – he would have raised that issue with Judge Burrell at the time but was prevented from doing so. For that reason, I don't believe White is applicable here. White is the California – or excuse me, the Federal cases that the Attorney General relies upon to say that Mr. Reynolds waived his objection to the waiver by not – by acquiescing and participating in the trial. Didn't they, during the trial, keep saying that the judge was the fact finder? Didn't they keep saying that? Isn't that in the record? I believe it is, Your Honor. And he was there and he heard that. He did, Your Honor. And as I said, I think he – the record is clear that he attempted to object. However, it was clear that Judge Burrell would not hear from him other than as a witness. And there – it's all equally clear that there was no incentive for counsel to raise the objection for Mr. Reynolds because he had acted in error prior to trial. And simply raising this objection at that time would have pointed out his own errors. So I think that there was a clear miscommunication problem between counsel and client. And I don't believe that that miscommunication can be held against my client under the Ninth Circuit and U.S. Supreme Court precedent, which says you should not find a waiver absent clear and unambiguous evidence that the waiver was insufficient. But in the normal course of events, after the magistrate makes a finding, it then goes to the judge, whose appointee he is or who's been appointed to aid that judge, and he then reviews the entire record. And he will either affirm it or take whatever action he thinks – deems as necessary. You don't necessarily get another trial in front of the judge. When you use a magistrate, you don't get another trial in front of the judge. Yes, Your Honor. Okay. So that – was he apprised of that situation when he – when they signed and said they were going to have a trial without a jury? My understanding that the communication that happened between he and counsel – and this is, again, my only understanding based on the record and my communications with my client – is that he did not fully understand the procedural posture in which he was agreeing to with the magistrate judge. He thought that after the magistrate, the judge would then hear the case again? Was that his understanding of that? No, he – I believe he understood that it would skip directly to an appellate court and that the magistrate court had complete authority to rule on his case. Thank you. And I think I know this to be for sure, but sometimes I lose track of which district is which and which practice is which. My understanding is that in the Eastern District, consent to go in front of the magistrate is not as it is, for example, in the District of Oregon, where the magistrate judge, upon consent of both parties, is the equivalent of the district judge. The magistrate judge does a report and recommendation which goes to the district judge for de novo review by the district judge. I think that is correct, Your Honor. The Attorney General's response to our argument regarding the unauthorized waiver is to argue that Federal Rule of Civil Procedure 39A authorizes counsel to waive the Seventh Amendment right of client. I think that's an extraordinary reading of the rule. I don't see any – the AG does not cite any cases or any authority to substantiate the interpretation that simply by creating a procedural rule that allows counsel to sign a stipulation, that that was an intent to override California law, which clearly delineates the authority between client and counsel. And again, I think any ambiguity in the interpretation of 39A must be interpreted in favor of my client under Dmyk v. Schick, which is a U.S. Supreme Court precedent, which states that any seeming containment of the right of a jury trial should be of utmost care. And also in light of Ninth Circuit precedent, which explains that the Seventh Amendment right to a jury trial is fundamental and sacred, and therefore, protection should be made in favor of the move-in or the way – the person against whom that right would have been waived. When you say there was a problem of communication, you mean that they didn't – weren't able to talk to each other or they spoke in – or he didn't have command of the English language? My client speaks English quite well. I think the – there's twofold. First, my client is mentally ill and there are significant problems with his mental capacity. Okay. Secondly, my client, while in prison, has been under lockdown most of the time and therefore has not had opportunity to speak with counsel. And much of the civil trial went on – not the actual trial, but the pretrial proceedings went on without the involvement of my client. Going on to the second point, which is, quickly, that the stipulation failed to comport with the Eastern District Rule. This is a procedural issue. The Eastern District Rule sets forth additional procedural requirements for what a stipulation must look like. This stipulation did not comport with the Eastern District Rule. Under the rule, any failure to meet the procedural requirements of the local rule makes a stipulation, quote-unquote, ineffective. Therefore, we submit that Judge Burrell's reliance upon an ineffective stipulation was an error, which resulted in a Seventh Amendment violation. And additional grounds for granting my client's – the ruling my client speaks to. Was that procedural error cured later by the proper form of order being entered? The order was actually not entered. It was included in a pretrial order. The local rule requires that you actually submit an order so that it can be filed with the court expeditiously and make it a part of the public record. The only way my client was receiving notice on most of the pretrial proceedings was through mailings from the court. I'm not sure that answers the question. I'm not sure whether your position is that the order didn't comply with the local rules either or that it did, but it didn't help the earlier problem. I'm sorry, Justice Graber. It's the second. It's that while the second order, the pretrial order, is sufficient, we don't believe that it cures the error – the prior error with the stipulation itself. The third point I'd like to move on to very quickly is simply that this was not harmless error. Judge Burrell's rulings were made as a trier of fact, not simply as a legal matter. It was not a Rule 50A directed verdict. Rather, he weighed the evidence. He made credibility determinations, in particular regarding my client's expert testimony, Dr. Ebert. In doing so, he acted as if a jury would have been acting. And under that – because of those rulings, I don't believe we can say that no jury – no jury could have found in favor of my client. It is not possible to surmise that a jury could not have found otherwise, that they might have given credence to Dr. Ebert's testimony. He was a – he was qualified as an expert under the Federal rules. Therefore, we do believe that he was sufficiently prejudiced that harmless error does not protect this verdict, and we ask that it be overruled. Thank you. We have about half a minute for rebuttal. Thank you. We will hear from the State. Excuse me one minute. It's 10 minutes, Ms. Foreman. Great. Thank you very much. May it please the Court. My name is Greg Fayard. I'm a deputy attorney general. I represent the defendants of Hallease in this action, former wardens Theo White, Ivlee Henry, and Dr. Stanley Wang. In this case, Mr. Reynolds did not like the bench trial judgment, and he wants a second bite at the procedural apple. Well, he should not get a second bite at that procedural apple, and the bench judgment should be affirmed because he waived his right to a jury trial and because he cannot insist on having his case tried before a magistrate judge instead of the district judge. With regard to the first issue, Mr. Reynolds waived his right to a jury trial. This case is indistinguishable from the dispositive Ninth Circuit jury waiver case, White v. McGinnis. In White, an inmate brought a Section 1983 case alleging an Eighth Amendment violation. He had counsel, and he watched his counsel vigorously argue his case to the bench without objection. Here, the same thing happened. Mr. Reynolds is an inmate, suing under 1983, alleging an Eighth Amendment violation, and he watched his counsel argue vigorously to the bench for two and a half days. Only after it was apparent that he was going to lose did he allegedly try to raise the absence of a jury. Now, the only part of this case that troubles me is the question as to whether or not he knowingly stipulated or whether his attorney acted independently. Then he finds himself in the courtroom. He kind of goes along with it, but he was never asked ahead of time, do you consent to trial in front of a district judge as distinct from do you consent to trial in front of a magistrate? I see nothing in the record that's any affidavit from his attorney at the time. Is that correct? That's correct. It's not in the record. Did you make any attempt to talk to the attorney? Just to say what we have is uncontradicted testimony by him and then inference from his behavior and not objecting in front of the district judge. But there is another possible witness out there, and that's the lawyer. Yes, Your Honor. I did not attempt to contact the attorney because I only wanted to or the defendants only wanted to focus on the record before the court. However. Well, but there are various points at which the record could be made. That is to say you could have made a record below that did this, correct? You're saying could the attorney have written a declaration and submitted it to the court saying that he communicated with his client? Yes, that is true. That could have happened. It did not happen in this case. But one point that the defendants would like to make is I refer to the Fuller v. City of Oakland case. In that case, this court said that a jury waiver stipulation is a procedural issue, meaning that it's tactical, meaning that an attorney is better equipped to decide whether. Are you suggesting that it's permissible for a lawyer to waive the right to a jury trial without the consent of the client? What defendants are saying is that Rule 39, the plain language of Rule 39A says that an attorney can stipulate to a jury waiver. However, defendants. You didn't actually answer my question. Is it permissible in your view, is it effective and valid for a lawyer to waive a client's right to a jury trial without the consent of the client? That's kind of a yes or no question. I would say that it's preferable that the attorney and the client communicate with the client. Counsel, I understand that it's preferable. I want to know your position on whether it can be valid for a lawyer to waive a jury trial without the client's consent. Yes, he can. And why is that true as a matter of constitutional principles? It's distinct from inferring consent. It's one thing to say there actually was consent. We just don't have somebody saying it in words of one syllable. We have to infer it from the circumstances. But if you're taking the position that consent is not required, what is your authority for that? The defendant's authority is the White v. McGinnis case in which the ñ well, this case. In this case, Mr. Reynolds. For a past authority precedent, what cases do you have that suggest that consent is not required as distinct from suggesting that consent can be inferred from the circumstances? The two cases I can ñ defendants can cite are the Fuller v. City of Oakland, which characterized jury stipulations or jury waivers as a procedural. Also, the Jones Motor Company case, which is a Seventh Circuit case cited by Mr. Reynolds, characterized jury waivers as a procedural right. Additionally, Mr. Reynolds waived his right to a jury trial because that stipulation was valid. It was valid under Rule 39A, which says an attorney can stipulate to a jury waiver. And it was valid under the local rules. The local rule at issue is 83-141, which has two parts. The first part is that the stipulation must be in writing and signed by the attorneys. This one was. The December 9, 1999 stipulation was signed by both attorneys. The second part of the local rule, 83-141B, requires that the stipulation be adopted by the court. And the stipulation was adopted by Judge Burrell on February 21, 2001, shortly before trial. Therefore, he waived his right to a jury trial. And the Fuller v. City of Oakland case that I cited recognizes clear and unmistakable jury waivers. The pinpoint site is page 1530. The second issue that defendantsí appellees wish to raise is that Mr. Reynolds cannot insist on having his case tried before a magistrate judge. A close review of the record, specifically Mr. Reynoldsí writings to the court, his letters to the court, reveal that on February 1, 2001, about a month before trial, he wrote a letter saying, ìWhen is my trial before the magistrate judge set?î Heís requesting that his trial be before the magistrate. When is that going to be set? And his March 19, 2001. That, I think, plays into the other sideís hands, because their argument is not that he didnít say, ìI donít want a jury trial.î Their argument is, ìIím willing to waive a jury trial and go to a magistrate.î I did not say, ìIím willing to waive a jury trial and go to the district court.î So here we have, as it were, not close talk, but as it were pre-hoc evidence, that heís expecting to go before a magistrate. However, the statute that the court should be aware of, and this is not in the papers, itís 28 U.S.C. Section 636, Subdivision C-1. That provision of the Title 28 requires that both parties consent to a magistrate judge. Thereís nothing in the record about a consent to the magistrate judge. Well, that seems irrelevant to the point, because the only point is what is the extent of Mr. Reynoldsí waiver. And if his waiver was to the extent of a magistrate judge and your clients refused to consent to a magistrate, then it would seem that, logically, he would pop back to the default position, which is a jury trial. Well, Mr. ñ Iím trying to answer your question, Your Honor, but Mr. Reynolds says in his motion for a new trial and his notice of appeal that he stipulated he was requesting a jury trial or a bench trial before the magistrate judge, and without the consent of the defendants, he cannot have a bench trial before the magistrate judge, the default position is before the district judge. I donít understand why that would be so, since he has a right to a jury trial and a waiver isnít an all-or-nothing thing. Canít he waive it? Or maybe it is. Maybe thatís your position. Either you waive a jury trial or you donít. And opposing counsel has the position that you can waive it with conditions. The defendantísó That may be one of the issues for decision. Can it be waived with a condition? The defendantís position is that a clear and unmistakable jury waiver is all-or-nothing. And what happened here is the attorney has a record stipulated to a bench trial before the district judge. That should be the end of the inquiry. I see that my time is up. Can I haveó It is. Do you have any additional questions? Thank you, counsel. May I have 30 seconds of summation? Go right ahead. In conclusion, Mr. Reynolds should not get a second bite at the procedural apple because heóand the bench trial judgment should be affirmed because he waived his right to a jury trial, and he cannot insist on having his case tried before a magistrate judge instead of a district judge. And furthermore, even if there was error in this case, a reasonable jury could not find that wardens White and Henry and Dr. Wang were deliberately indifferent to Mr. Reynoldsí alleged sleepwalking condition. Thank you. Thank you, counsel. You have about a half a minute left for rebuttal. Thank you, Your Honor. Very quickly, the attorney general states that he relies on two cases for the support for his reading for 39A, that a counsel may waive it without the consent of his client. He relies on Fuller and Jones. I would just point out that both of those are interpreting law that is not applicable here, which is California law. In Fuller, the decision that was procedural was a Federal, some sort of Federal decision. In Jones, it was interpreting Illinois law. I would also point out that counsel suggests that White is not distinguishable. First off, White has been limited to its facts in several cases by the Ninth Circuit. In U.S. v. California Mobile Home Park Management Corporation, it limits it to its facts and cites other cases limiting White. And I would suggest that White is not as applicable here as the attorney general would suggest. There are many distinguishing factual differences between White and Mr. Reynoldsís case. And in particular, in White, the Court noted that White had failed to object to the ñ raise the waiver issue until his appeal several months after trial. Here, I would note, Mr. Reynolds raised his objection three days after the verdict was entered after attempting to raise the issue at trial and being foreclosed from doing so. Kagan. Kastner, you have exceeded your time. Thank you very much, Your Honor. Thank you very much. We appreciate the arguments of both parties. And I want to, in particular, thank Pro Bono Counsel. The program by which we obtained the help of Pro Bono Counsel is really extremely helpful to the Court in resolving some of these cases. And we thank you. Thank you, Your Honor. We will next hear argument in Garcia v. Ridge. Good morning, Your Honors. May it please the Court, Brian Lerner on behalf of Appellants. The major issue, apparently in this case, is whether the Lozada requirements were met. And, of course, we are contending that they were. The first issue is whether an affidavit was submitted.  The second issue is whether an affidavit was submitted with what the duties were.
judges: Graber, W. Fletcher, Weiner